**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE ENRIQUE OJEDA DUARTE,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**WARDEN,**<br>*in his/her official capacity as* ERO El Paso Camp East Montana Detention Center;<br>**MARY DE ANDA-YBARRA,**<br>*in her official capacity as* Field Office Director of El Paso, Texas, Office of Detention and Removal, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security;<br>**DAVID J. VENTURELLA,**<br>Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement;<br>**MARKWAYNE MULLIN,**<br>*in his official capacity as* Secretary, U.S. Department of Homeland Security; and<br>**TODD BLANCHE,**<br>*in his official capacity as* Acting Attorney General of the United States,<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-00089-DCG** |

**FINAL JUDGMENT**

On June 5, 2026, the Court granted Petitioner Jose Enrique Ojeda Duarte's Petition for Writ of Habeas Corpus (ECF No. 1) and ordered Respondents to take the following actions:

(1) by June 12, 2026, provide Petitioner with a bond hearing or release Petitioner from custody under reasonable conditions of supervision; *and*

(2) by June 15, 2026, notify the Court that the bond hearing had occurred or that Petitioner was released from custody.[1]

Respondents timely confirmed that Petitioner received a bond hearing by the applicable deadline and an Immigration Judge ("IJ") ordered his release on bond.[2]

Petitioner has obtained the habeas relief to which he is entitled, so there appears to be nothing further for the Court to do in this case. The Court now enters its Final Judgment under Federal Rule of Civil Procedure 58.[3]

There being no just cause for delay, this is a **FINAL** and **APPEALABLE** judgment.

The Court **CLOSES** the above-captioned case.

**So ORDERED and SIGNED this 30th day of June 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] *See* Order Granting Pet., ECF No. 15, at 10–11.

[2] *See* Resp'ts' Advisory, ECF No. 16, at 1.

[3] FED. R. CIV. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .").

*See* RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254").

*See also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").